USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

GUAN ZHAO LIN,

        Petitioner,

    -v.-

ERIC HOLDER, JR.,
Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

JANET NAPOLITANO
Secretary of the Department of Homeland Security
U.S. Department of Homeland Security
Washington, D.C. 20528

CHRISTOPHER SHANAHAN
Field Officer Director
U.S. Immigration and Customs Enforcement,
Office of Detention and Removal Operations
26 Federal Plaza, Rm. 1105
New York, NY 102748

RAJEEV S. BHATIA
Special Agent
U.S. Immigration and Customs Enforcement,
Office of Investigations
601 W. 26th Street, 7th Floor
New York, NY 10001

        Respondents.

------------------------------------------------------------X

REPORT AND RECOMMENDATION
AND ORDER

10 Civ. 4316 (RMB) (JLC)

(ECF Case)

**JAMES L. COTT, United States Magistrate Judge.**

**To The HONORABLE RICHARD M. BERMAN, United States District Judge:**

    Petitioner Guan Zhao Lin ("Petitioner"), a native and citizen of China, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 26, 1992, he was placed in exclusion proceedings by the former Immigration and Nationalization Service for lack of valid entry documents. Return dated June 24, 2010, ¶ 1, Ex. A (Dkt. # 26). On May 28, 2010, he was

USDC SDNY
DATE SCANNED 7/29/10

1

detained by the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), pursuant to a final order of removal entered on July 27, 1994. See Emergency Petition for Writ of Habeas Corpus to Prevent Unlawful Removal and Complaint for Declaratory and Injunctive Relief, dated May 28, 2010 (the "Petition") (Dkt. #1). Petitioner was initially detained at the Varick Detention Facility in Manhattan, and was subsequently transferred to the Bergen County Jail in New Jersey. Pet., ¶ 4 (Dkt. #1); Return, Ex. E (Decl. of Patrick Heerey dated June 24, 2010 ("Heerey Decl.")), at ¶ 3 (Dkt. #26). Petitioner alleged that his detention violated his constitutional right to due process and sought immediate release. On June 22, 2010, he moved for a preliminary injunction (Dkt. #10).

On July 12, 2010, I issued a Report and Recommendation finding that the Court did not have jurisdiction over the Petition and recommending that the Petition be transferred to the United States District Court for the District of New Jersey (Dkt. # 37). I further recommended that, in the alternative, the motion for a preliminary injunction be denied and the Petition be dismissed on the merits. Thereafter, on July 22, 2010, ICE effectuated Petitioner's removal from the United States. See Letter of Sue Chen, Special Assistant United States Attorney, dated July 23, 2010 (Dkt. #41).

Because Petitioner challenged the legality of his detention – as opposed to the removal order itself – he alleged no "concrete and continuing injury" collateral to his detention. Spencer v. Kemna, 523 U.S. 1, 7 (1998). As a result of his deportation to China, Petitioner is no longer in ICE custody and, therefore, no longer "suffer[s], or [is] threatened with, an actual injury traceable to the [respondents] and likely to be redressed by a favorable judicial decision." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Thus, the Petition is moot. See, e.g., Ferry v. Gonzales, 457 F.3d 1117, 1132 (10th Cir. 2006) (dismissing as moot § 2241 habeas petition seeking bond hearing after petitioner was removed and no longer in ICE custody);

2

Davies v. Goffman, 09 Civ. 7224 (PAC) (KNF), 2010 WL 2834834, at *1 (S.D.N.Y. July 19, 2010) (adopting report and recommendation denying § 2241 habeas petition as moot); Paraison v. Holder, 09 Civ. 10283 (RMB) (FM), 2010 WL 1712019, at *1 (S.D.N.Y. March 23, 2010) ("Because [petitioner] is no longer in ICE custody, his petition challenging the constitutionality of that detention has been rendered moot."), rep. & recomm'n adopted, 09 Civ. 10283 (RMB) (FM), 2010 WL 2159201, at *1; Karamoke v. U.S. Homeland Sec., 09 Civ. 4089 (GBD) (JCF), 2009 WL 2575886, at *1 (S.D.N.Y. Aug. 20, 2009) ("When a habeas petitioner challenges solely his detention, but is subsequently released prior to removal, courts routinely dismiss the petition as moot, finding no persisting case in controversy."). To the extent Petitioner's inability to return to the United States could be considered a continuing injury, it "stems from his removal order, not his detention," Ferry, 457 F.3d at 1132 (citing So v. Reno, 251 F. Supp. 2d 1112, 1124 (E.D.N.Y. 2003), which is not before the Court (nor would the Court have jurisdiction under the Real ID Act.).

Accordingly, I hereby withdraw the July 12, 2010 Report and Recommendation based on the intervening fact of Petitioner's removal, and recommend that the Petition be DISMISSED as moot.

## PROCEDURE FOR OBJECTING

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard M. Berman and to the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Berman. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14)

DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

The withdrawal of the July 12, 2010 Report and Recommendation is SO ORDERED.

Dated: New York, New York
July 29, 2010

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order are being sent via ECF:**

Chunyu Jean Wang
Wang Law Office, PLLC
36-25 Main Street
Flushing, NY 11354
(718)-353-9264
Fax: (718)-353-2099
help@meiguofa.com

AUSA Sue Chen
U.S. Attorney's Office
Southern District of New York
86 Chambers Street, 3rd Floor
New York, NY 10007
212-637-2200
Fax: 212-637-2786
Sue.Chen@usdoj.gov

Hon. Richard M. Berman